UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN A. HARRINGTON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:22-cv-19

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) prior to June 1, 2018. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portion of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Order.

This is the third appeal to this Court in this case. *See Harrington v. Comm'r of Soc. Sec.*, No. 1:16-cv-898, 2017 WL 2684283 (W.D. Mich. June 22, 2017), and *Harrington v. Comm'r of Soc. Sec.*, No. 1:19-cv-401, 2020 WL 5036245 (W.D. Mich. Aug. 26, 2020). Plaintiff presented the following three issues in this particular appeal: (1) the Administrative Law Judge (ALJ) failed to account for Plaintiff's leg swelling and need to elevate his lower extremities in his residual

functional capacity (RFC) finding; (2) the ALJ erred in failing to find Plaintiff disabled under the Medical-Vocational Guidelines; and (3) the ALJ identified an onset date that is unsupported by substantial evidence (Pl. Brief, ECF No. 14 at PageID.4192–4193).  In his objection to the Report and Recommendation, Plaintiff challenges the Magistrate Judge's resolution of the second issue and argues that the Magistrate Judge erred in determining that the ALJ properly complied with this Court's 2020 remand order.

In its 2020 decision, this Court indicated in pertinent part that Plaintiff's RFC fell somewhere between "all sedentary work" and "all light work" and that a more careful evaluation of the guidelines was therefore required.  *Harrington*, 2020 WL 5036245, at *2.  The RFC finding implicated Social Security Ruling (SSR) 83-12, which provides in pertinent part the following:

> If the exertional level falls between two rules which direct opposite conclusions, i.e., "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level, consider as follows:
>
> a.  An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled."
>
> b.  On the other hand, if the exertional capacity is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of "Disabled."
>
> c.  In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, [vocational specialist (VS)] assistance is advisable for these types of cases.

Titles II & XVI: Capability to Do Other Work—The Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations within a Range of Work or Between Ranges of Work, SSR 83-12 (S.S.A. 1983).  This Court instructed the Commissioner on remand to "(1) establish whether Plaintiff is disabled under the medical vocational guidelines and applicable regulations; and (2)

determine whether the standing and walking limitation in Plaintiff's RFC would require a limitation in lifting and carrying otherwise required by light work." *Harrington*, 2020 WL 5036245, at *3.

On remand, the ALJ found that, prior to June 1, 2018, Plaintiff retained the capacity to perform a reduced range of light work, specifically, that Plaintiff was capable of performing the lifting requirements but was limited to two hours of standing and walking (R&R, ECF No. 19 at PageID.4236, 4241). Based on testimony from the Vocational Expert (VE), the ALJ concluded that "an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of assembler, packer, and inspector, 800,000 of which existed in the national economy" (*id.* at PageID.4237). Specifically, the "VE testified that a person limited to standing two hours could perform the lifting requirements for these jobs because they could be performed either seated or standing, and the lifting could be accomplished from either position" (*id.* at PageID.4241–4242).

On appeal, Plaintiff argued that the ALJ failed to "answer[] the pertinent question here," which Plaintiff identified as "whether those jobs [the VE identified] are 'significantly reduced' from the definition of 'light'" (Pl. Brief, ECF No. 14 at PageID.4198). However, the Magistrate Judge determined that Plaintiff's argument lacked merit because "no authority requires an ALJ to determine where a particular job falls on the spectrum between exertional levels in answering whether a claimant's 'exertional capacity is significantly reduced' under SSR 83-12" (R&R, ECF No. 19 at PageID.4242–4243). Rather, the Magistrate Judge pointed out that like other district courts had found, "these are merely *considerations* that are fleshed out by examining the extent to which the occupational base is eroded, as informed by vocational expert testimony" (*id.* at PageID.4243, citing cases therein) (emphasis in original). The Magistrate Judge concluded that in

relying on the VE testimony to determine the extent to which the standing and walking limitation eroded the unskilled light occupational base, the ALJ properly applied SSR 83-12 (*id.*).

In his objection at bar, Plaintiff reiterates his argument that "the ALJ could not simply rely upon the VE to determine whether there were a significant number of jobs that Plaintiff could perform" (Pl. Obj., ECF No. 20 at PageID.4252). According to Plaintiff, the Magistrate Judge has erroneously recommended that this Court affirm the ALJ's decision based on an argument that this Court previously rejected (*id.* at PageID.4249, 4252).

Plaintiff's objection is properly denied. As quoted above and by the Magistrate Judge in the Report and Recommendation, SSR 83-12 specifically contemplates that VE testimony "may be advisable" in cases where an individual's exertional limitations are somewhere in the middle in terms of the regulatory criteria for exertional ranges of work (R&R, ECF No. 19 at PageID.4241). Indeed, this Court acknowledged in its 2020 remand order that turning to a vocational expert "may well be the proper course here," so long as the Court could follow the ALJ's logic. *Harrington*, 2020 WL 5036245, at *2. Plaintiff's argument does not reveal any error in the Magistrate Judge's analysis or ultimate conclusion that in finding that "Plaintiff was not disabled under the grids and that the standing and walking limitation did not warrant a limitation for lifting and carrying, the ALJ complied with the remand order" (R&R, ECF No. 19 at PageID.4243). Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 20) is DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated:  January 11, 2023  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge